# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By jburrell at 11:41 am, Oct 15, 2018*

ERIC LATROY HARRIS,      )
                             )
      Plaintiff,        )
                             )
v.                       )        CV418-037
                             )
MR. PANNIZZO, *et al.*,    )
                             )
      Defendants.    )

## ORDER

The Court previously informed Eric LaTroy Harris that it could not "provide him with a Court order to increase his law library privileges beyond what the CCDC determines to be adequate" in his excessive force case, CV417-154, but invited him to file a claim that he is being denied meaningful access to legal research materials. CV417-154, doc. 22. He has done so, alleging that at every turn he has been stymied in his ability to conduct the research he needs to prosecute his excessive force case. Doc. 1. The Law Library merry-go-round has gone on:

> Around November I asked programs for access to the law library. I presented Mrs. Kirkland with the order to proceed pro se that she said was required for me to have access to the law library tablet. She then told me I needed a direct order from the judge stating for legal services to give me the tablet from legal services. Mrs.

Kirkland also told me that Your Honor did not state how many hours per week I should be allowed to use the tablet. Mr. Pannizzo told me he would place me on the list to get a tablet until Mrs. Kirkland denied my access after Sheriff Wilcher forwarded my grievances about this situation to legal services. I also wrote grievances about the situation to legal services as directed and they were denied & my appeals were denied also. I then wrote the courts seeking an order to grant me access to the law library which was also denied because Your Honor stated "It is unclear why Harris is being refused access to the CCDC law library absent a court order, whether based on CCDC policy or as an individual decision." "Prisoners, particularly where they are unrepresented by counsel, have a right to meaningful access to the courts, including some right to legal research material." Mrs. Kirkland and Mr. Pannizzo have continuously deprived me of my right of access to the courts as well as frustrated and impeded [my] efforts to pursue a nonfrivolous legal claim. . . . I have also been told that I must have a court order to receive copies of my correspondence, grievances, and appeals off of the kiosk machine.

Doc. 1 at 6. He was eventually offered a compromise, that he could use the segregation housing unit's law library tablet, which automatically logs you out after 15 minutes and will not permit you to log in again until 3 hours have passed. *Id*. at 7. Another tablet, meanwhile, is provided to other pro se litigants for uninterrupted use. *Id*. As a result of his complaints, he claims he has been retaliated against, deprived of clothing, forced to sleep in a cold room on a steel bed with no mattress or blankets, and provided with nothing to drink so he had to sip sink water cupped from his hands. *Id*. at 7-8. He wants $3.5 million dollars and an

injunction against the CCDC for the "cruel and unusual punishment" being inflicted on inmates in the segregation housing unit. *Id.* at 9.

Despite the Court's orders identifying Harris as a pro se litigant in his excessive force case, he has sent another letter to the Court complaining that he is still being denied adequate access to the law library. Doc. 7. This time, he has attached his administrative grievances, which have largely been denied on the basis that he needs "to produce a court order stating [he is] pro-se in order to have access to the Law Library tablet and copies of written motions." *Id.* at 3, 4, 5, 6 & 7. Further, they have been denied because he already has access, for 15-minute intervals, to the Law Library tablet as a matter of course. *Id.* at 7, 9 & 10.

As an initial matter, the Court is unable to fathom what more can be said to clarify that Harris is proceeding pro se in his excessive force (CV417-154) case. Insofar as he apparently needs an order with magical language to permit him be considered pro se in the law library staff's eyes, the Court hopes that this will serve: **Eric LaTroy Harris is proceeding pro se in CV417-154.** That case was screened and approved for service of the Complaint upon defendants. It is being

litigated, and he is representing himself. Certain documents, orders, and papers that are involved in that case may indeed be of use to him (to the extent he needs a court order certifying his pro se status to copy them). Assuming that this case too, after amendment, is approved for service, Harris will also be proceeding pro se here. That is how it works in the federal courts -- no other order is available to further emphasize just how pro se a pro se litigant is. *See Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 881 F.3d 835, 844 (11th Cir. 2018) ("There is no imprecision in those instructions, no room for evasive interpretation. . . . We don't know what else we could have said other than, perhaps, 'and *we really mean it.*' Well, we really did mean it. And we still do.").[1]

That being said, Harris has yet to allege, much less demonstrate, that he has in fact been deprived of sufficient access to legal research materials to effectively litigate his civil claims.[2] "[T]he fundamental

---

[1]    The Clerk is further **DIRECTED** to docket this Order in CV417-154, to help prevent any ongoing concerns that perhaps the Court does not consider Harris to be pro se in both cases.

[2]    The Court, having granted Harris' request to pursue his case *in forma pauperis*, doc. 5, and Harris having returned the necessary forms, docs. 3 & 4, now screens his Complaint pursuant to 28 U.S.C. § 1915A. Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448

4

constitutional right of access to the courts requires prison authorities to . . . provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). "[P]risoners' contentions of deprivations of access to courts must show actual injury as a 'constitutional prerequisite'" to suit. *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Here, Harris has alleged he has been deprived of meaningful access and that it has prevented him from litigating his excessive force case. But he has not alleged *actual injury* from that deprivation. Fifteen minute windows of legal research certainly make it tough to prosecute his case, but difficulty does not equate to impossibility.

Finally, Harris previously alleged he was placed in administrative segregation as retaliation for filing grievances about his law library access. *See* CV417-154, doc. 22 at 2. Now he grumbles about the unit he is housed in for completely unrelated reasons. Doc. 1 at 8-9. The Court will not permit this Complaint, raising a claim about the denial of library access, to serve as a vehicle for a complaint about the uncomfortable

---

F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

conditions of the administrative segregation unit.  *Id*.  To the extent he seeks to raise a conditions of confinement claim, these "punishments" are factually unrelated to Harris' law library complaints and they must be **DISMISSED** from the Complaint.

Accordingly, the Court **ORDERS** Eric LaTroy Harris to file an Amended Complaint within 30 days of the day this Order is served or face a recommendation of dismissal.  Harris must include a *coherent* "short and plain statement of the claim showing" that he is entitled to the relief sought.  Fed. R. Civ. P. 8(a)(2).  That means he must present the Court with the factual allegations that support his constitutional claims.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaints must contain factual allegations "sufficient to raise a right to relief above the speculative level").  Mere conclusions that defendant violated the law are not enough.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Harris is advised that his Amended Complaint will supersede the original Complaint and therefore must be complete in itself.[3]  Once he

---

[3]    *See Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading").

files an Amended Complaint, the original pleading will no longer serve any function in the case.

Meanwhile, it is time for Harris to pay his filing fee. His PLRA paperwork reflects a current balance of $16.67, with $0.19 in average monthly deposits and a $2.85 average reserved monthly balance over the six month period prior to the date of his Prison Account Statement. Doc. 4. He therefore owes a $0 initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in

this case to plaintiff's new custodian.  The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

    **SO ORDERED**, this __15th__ day of October, 2018.

                                                    **UNITED STATES MAGISTRATE JUDGE**
                                                    **SOUTHERN DISTRICT OF GEORGIA**